**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4627
_____

SHAUN WRIGHT,
                                        Appellant

v.

SCOTT ALTLAND; SPRINGETTSBURY TOWNSHIP POLICE;
YORK COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No.4-07-cv-00918)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 16, 2011
Before:  FUENTES, GREENAWAY, JR. AND GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2011)

_____

OPINION
_____

PER CURIAM

    Shaun Wright appeals from the District Court's order granting summary judgment

on his illegal seizure claim.  For the following reasons, we will vacate the District Court's

grant of summary judgment and remand for further proceedings consistent with this

opinion.

I.

This appeal concerns Wright's claim that Scott Altland, a detective with the Springettsbury Township Police Department, illegally seized money orders from his girlfriend in connection with a robbery investigation. Altland was responsible for investigating a September 15, 2005 robbery of a Hardee's restaurant. On September 20, 2005, a bank in a neighboring township was robbed. Altland had reason to believe that the same individual perpetrated both offenses. Accordingly, when he learned that the getaway car used by the bank robber was registered to Wright's girlfriend, Jora Rial, he went to the Yorkshire Apartments in Springettsbury, where Rial lived with Wright, to interview her.

At some point during Altland's visit with Rial, he obtained three money orders from her in the amounts of $1,000, $500, and $15, in the rental office of the Yorkshire Apartments. Wright had apparently purchased those money orders with proceeds from the bank robbery, and gave them to Rial for the purpose of paying their rent.[1] Wright was subsequently charged with both the Hardee's robbery and the bank robbery. The money orders were admitted into evidence at Wright's bank robbery trial, and he was ultimately convicted. In a separate trial, he was acquitted of the charges related to the Hardee's robbery.

---

[1] Although Wright disputes that he purchased the money orders with stolen funds, that particular fact does not affect our resolution of this appeal.

Wright subsequently filed the instant civil rights action, alleging that Altland falsely arrested him, falsely imprisoned him, and maliciously prosecuted him in connection with the Hardee's robbery, and that Altland illegally seized the money orders from Rial.[2]  Instead of answering the complaint, Altland moved for summary judgment, arguing with respect to the illegal seizure claim that (1) it was barred by collateral estoppel; and (2) Wright lacked standing to pursue the claim.  In his reply brief, Altland added that the seizure was consistent with the Fourth Amendment, either because Rial had consented or because the seizure was necessary to prevent loss or destruction of the evidence.  The District Court granted summary judgment to Altland on all claims, concluding that collateral estoppel barred the illegal seizure claim in light of prior proceedings in state court.

On appeal, we affirmed the grant of summary judgment on the false arrest, false imprisonment, and malicious prosecution claims, but vacated the grant of summary judgment to Altland on the illegal seizure claim.  Wright v. Altland, 360 F. App'x 373, 374 (3d Cir. 2010).  We explained that the record did not conclusively establish that the legality of the seizure had been adjudicated on the merits so as to justify applying collateral estoppel.  In so holding, we left open the possibility that Altland could supplement the record on remand to establish that the Fourth Amendment issue had been adjudicated in state court.  We also held that Wright had standing to assert his illegal

---

[2] Wright asserted additional claims that the District Court dismissed pursuant to 28 U.S.C. § 1915(e)(2), and which Wright has since abandoned.

3

seizure claim. Whether Rial had consented to the seizure, or whether another exception to the warrant requirement applied, however, was an issue that "[t]he District Court should address in the first instance" in the event collateral estoppel was inapplicable. Id. at 377.

On remand, the District Court "reopened [the] matter and . . . [ordered] the parties to file submissions on the issue of whether there was an adjudication on the merits in the state court . . . with regards to the seizure of property claim." (Mar. 5, 2010 Order.) Altland submitted a brief in which he raised new arguments for applying collateral estoppel, informing the District Court that he "elect[ed] not to brief at this juncture . . . whether an exception to the warrant requirement applies." (Altland's Br. in Supp. of J. in his Favor Regarding Pl.'s Fourth Amendment Claim 2 n.2.) Wright maintained that collateral estoppel was inapplicable because the Fourth Amendment issue was never adjudicated on the merits. The District Court agreed with Wright, but nevertheless granted summary judgment to Altland because "[t]he record plainly establishe[d] that Rial's handing over of the money orders to Altland was consensual and was not the result of coercion." (Nov. 10, 2010 Mem. 11-12.) Wright timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1343. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file,

4

and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[3]  Fed. R. Civ. P. 56(c)(2) (2010).  In determining whether summary judgment is appropriate, we must "view all evidence and draw all inferences in the light most favorable to the non-moving party."  Startzell v. City of Phila., 533 F.3d 183, 192 (3d Cir. 2008).

Wright's primary contention on appeal is that the District Court erred in granting summary judgment to Altland on the issue of consent without providing him proper notice that his claim was subject to summary judgment on that basis.  He also contends that the decision itself was erroneous because (1) Altland did not receive Rial's consent to take the money orders; and (2) Rial did not have the authority to consent to the seizure of the money orders.  Altland responds that Rial had the capacity to consent to the seizure because she had a possessory interest in the money orders, and that she effectively consented to the seizure by handing the money orders over to him.  He does not challenge the District Court's holding that collateral estoppel is inapplicable nor does he respond to Wright's contention that the District Court erred in raising consent sua sponte.[4]

---

[3] The text of Rule 56 changed as of December 1, 2010, but we will apply the version of the rule in effect at the time the District Court granted defendants' motion.

[4] Altland also seems suggests that the seizure was justified by probable cause because Wright purchased the money orders with stolen funds.  That is a curious argument in light of the fact that Altland learned the details of the purchase after he had already seized the money orders from Rial.  (Altland Certification ¶¶ 11-13.)

5

We agree with Wright that the District Court erred in granting summary judgment to Altland on the issue of consent. "[A] party must be given notice when summary judgment is being contemplated against it so that the evidence necessary to oppose the motion may be marshaled and presented to the Court." Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 223 (3d Cir. 2004); see also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). "[A] party has sufficient notice . . . if it had reason to believe that the court might reach the matter at issue on the pending summary judgment application and the party had an opportunity to support its position fully." Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 223 (3d Cir. 2009).

Wright did not receive sufficient notice that his claim was subject to summary judgment on the issue of consent. After our mandate issued, the District Court ordered the parties to brief the specific issue of "whether there was an adjudication on the merits in the state court . . . with regards to the seizure of property claim." (Mar. 5, 2010 Order.) Accordingly, Altland's brief on remand argued for summary judgment solely on the basis of collateral estoppel, expressly stating that he was "elect[ing] not to brief at this juncture . . . whether an exception to the warrant requirement applies." (Altland's Br. in Supp. of J. in his Favor Regarding Pl.'s Fourth Amendment Claim 2 n.2.) Nor did Altland raise consent in his reply brief. Furthermore, Altland's filings on remand did not incorporate any of the arguments presented in his earlier papers.[5] Accordingly, Wright had no reason

---

[5] Altland did not argue consent in his initial brief in support of summary judgment, raising it for the first time in one paragraph at the end of his initial reply brief.

6

to believe that the issue was before the court. If the District Court sought to rule on the issue of consent, it should have provided notice to the parties so as to give Wright an opportunity to come forward with additional evidence and argument in support of his claim.[6]

Although the District Court's course of action would have been acceptable if the point at issue was purely legal, the record was fully developed, and the lack of notice did not prejudice Wright, see DL Res., Inc. v. FirstEnergy Solutions Corp., 506 F.3d 209, 224 (3d Cir. 2007), none of those conditions exists in this case. Preliminarily, no discovery has occurred at this point, and, although many of the relevant facts appear to have been developed in the course of Wright's criminal proceedings, only scant portions of the portion of the record pertaining to consent have been filed in connection with this case. Furthermore, consent is measured by a standard of "objective reasonableness," namely, what a "typical reasonable person [would] have understood by the exchange between the officer and the suspect," Florida v. Jimeno, 500 U.S. 248, 251 (1991), and must be "freely and voluntarily given." United States v. Price, 558 F.3d 270, 277 (3d Cir. 2009) (quotations omitted). Whether a search or seizure is justified by consent is generally a fact-driven inquiry that requires a court to "examin[e] the totality of the

---

[6] It appears that the District Court understood our decision to require consideration of exceptions to the warrant requirement in the event collateral estoppel did not apply. However, our statement that "[t]he District Court should address in the first instance whether Detective Altland has established that an exception to the warrant requirement applies," Wright, 360 F. App'x at 377, was simply an indication that we would not rule on the matter in the first instance.

7

circumstances." United States v. Stabile, 633 F.3d 219, 231 (3d Cir. 2011) (listing circumstances that factor into consent inquiry). Accordingly, consent is generally not the type of purely legal issue that a court can rule on sua sponte.

Furthermore, even in its current, undeveloped state, the record does not support the District Court's holding that Rial consented to the seizure of the money orders. Nothing submitted in connection with the post-remand briefing speaks to the issue of consent. Looking back to the submissions filed in connection with the earlier briefing, the relevant evidence is quite limited. Altland filed a certification attesting that he "asked Rial for the three money orders and [that] she handed them to [him] at the rental office in the Yorkshire Apartments." (Altland Certification ¶ 11.) In response, Wright specifically contested that Rial willingly turned over the money orders, arguing that Altland took the them from Rial's hand and attesting in his own certification that Rial "told [him] about the coersive [sic] tactics the police used against her." (Wright Certification ¶ 7.) Importantly, Wright supported those assertions with portions of Rial's testimony from the bank robbery trial. Rial testified that the police "took the money orders out of [her] hand" but also that the police "approached [her] about the money orders." (Resp. to Def.'s Br. and Mot. for Summ. J. Ex. F.) Rial also testified that the police threatened to take her daughter from her "when they found the money orders." (Id.) However, Rial was not specifically questioned on whether she consented to the seizure, at least not in the portions of testimony reproduced in the record.

In sum, the record provides little information about the context in which the

seizure occurred.[7]  Furthermore, Rial's testimony that Altland "took" the money orders out of her hand supports an inference that Altland seized them without first obtaining consent, which must be viewed in Wright's favor under the applicable summary judgment standard.  Thus, contrary to the District Court's conclusion, the record does not "plainly establish" that Rial consented to the seizure of the money orders.[8]  We will therefore vacate the District Court's grant of summary judgment to Altland on the illegal seizure claim and remand for further proceedings consistent with this opinion.[9]  Wright's motion to supplement the record is denied as unnecessary.

---

[7] Although Rial signed a form consenting to a search of her and Wright's apartment and to the seizure of any property therein, her testimony suggests that she provided that consent after Altland had already seized the money orders.

[8] However, we agree with the District Court that Rial's possessory interest in the money orders gave her the authority to consent to their seizure.  See Stabile, 633 F.3d at 230-31 ("Common authority [to consent] rests not on property rights but rather on mutual use of the property by persons generally having joint access or control.") (quotations omitted); United States v. Morales, 861 F.2d 396, 399-400 (3d Cir. 1988) (individual with possession and control of car had authority to consent to search of the car).

[9] Our conclusion does not prohibit Altland from later establishing that the seizure was justified by consent or by another exception to the warrant requirement.